**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CEDRIC GREENE,

        Plaintiff,

vs.

FLORITTA GRAY,

        Defendant.

Case No. 2:15–cv–2188–RFB–VCF

**ORDER AND
REPORT & RECOMMENDATION**

      This matter involves *pro se* Plaintiff Cedric Greene's civil action against Floritta Gray. Before the court is Greene's Application to Proceed *in Forma Pauperis* (#1) and Complaint. For the reasons stated below, Greene's Application to Proceed *in Forma Pauperis* is granted and the court recommends dismissing Greene's complaint.

**I.    Application to Proceed *in Forma Pauperis***

      Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

      Here, Mr. Greene states that he is unemployed, receives government benefits, and has no money in a bank account. Accordingly, his Application to Proceed *in Forma Pauperis* is granted.

## II. **Screening Plaintiff's Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

Greene's complaint should be dismissed because the court lacks subject-matter jurisdiction. Rule 8(a)(1) states that a "claim for relief must contain . . . short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). Greene's complaint does not contain a statement of the grounds for the court's jurisdiction, and the court's review of his complaint demonstrates that the court lacks jurisdiction to hear his case.

Greene's seeks relief for "landlord intentional infliction of emotional distress" and "continued negligence." He alleges that Ms. Gray is "the queen of slumlords" and has caused him damages "in the sum of $25,000." These allegations do not state a claim upon which a federal court may exercise jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute, *see id*. (citation omitted) and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sites. *See* U.S. CONST. art. III, § 2, cl. 1.

The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed

lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

Generally, a federal court only has jurisdiction over (1) "civil actions arising under the Constitution, laws, or treaties of the United States," and (2) "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Greene's complaint does not contain a statement predicating the court's jurisdiction on either of these statutes or contain allegations demonstrating that the court has jurisdiction under either of these statutes. If Greene wishes to proceed in federal court, he must amend his complaint and show why the court has jurisdiction. Alternatively, Greene may commence an action in the appropriate state court.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that Plaintiff's complaint (#1-1) be DISMISSED for lack of subject-matter jurisdiction.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 19th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE