UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CEDRIC GREENE,

        Plaintiff,

vs.

FLORITTA GRAY,

        Defendant.

Case No. 2:15-cv-02188-RFB-VCF

**ORDER ADOPTING REPORT & RECOMMENDATION**

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation (ECF No. 2) of the Honorable Judge Cam Ferenbach, United States Magistrate Judge. The Report and Recommendation recommends granting Plaintiff Greene's Application to Proceed *In Forma Pauperis* (ECF No. 1) and dismissing his Complaint without prejudice. For the reasons stated below the Court adopts Judge Ferenbach's Report and Recommendation in full.

## II. BACKGROUND

Plaintiff Cedric Greene filed an Application for Leave to Proceed in forma pauperis on November 16, 2015. ECF No. 1. Judge Ferenbach issued an Order and Report and Recommendation on November 19, 2015. ECF No. 2. Plaintiff's Complaint was filed that same day. ECF No. 3. Plaintiff filed an objection to Judge Ferenbach's Report and Recommendation on December 2, 2015. ECF No. 4.

### III.   LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Local Rule IB 3-2(b). Plaintiff filed an objection to the Report and Recommendation on April 7, 2016. ECF No. 60. However, the Court has reviewed the record in this case and concurs with the Magistrate Judge's recommendation(s).

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

## IV. DISCUSSION

Upon review of the Report and Recommendation, the Court agrees with Judge Ferenbach's analysis in full. Generally, a federal court only has jurisdiction over (1) "civil actions arising under the Constitution, laws, or treaties of the United States," and (2) "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." See 28 U.S.C. § 1331; 28 U.S.C. § 1332. If the court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Based on the allegations in Plaintiff's Complaint, this Court lacks subject-matter jurisdiction over his law claims, which appear to be state law claims of intentional infliction of emotional distress and negligence by his landlord Ms. Gray in Los Angeles, California. ECF No. 3. Plaintiff appears to concede, in his Complaint (ECF No. 3) as well as in his Objection to Judge Ferenbach's Report and Recommendation (ECF No. 4) that he is a resident of California. Therefore the Court interprets Plaintiff's Complaint as neither asserting a federal claim nor asserting diversity between Mr. Greene and the Defendant Ms. Gray.

Therefore, the Court adopts Judge Ferenbach's Report and Recommendation in full and dismisses Plaintiff's Complaint for lack of subject matter jurisdiction without prejudice with leave to amend.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 2) is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close the case.

**DATED:** August 26, 2016.

                                          **RICHARD F. BOULWARE, II**
                                          **UNITED STATES DISTRICT JUDGE**